# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY W. HARDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-750-NJR |
| ) | |
| ) | |
| ROB JEFFREYS, ) | |
| J.B. PRITZKER, ) | |
| DANIEL Q. SULLIVAN, ) | |
| and SARAH BROWN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Tony W. Harden, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges his constitutional rights as a civil detainee under the Illinois Sexually Dangerous Persons Act ("SDPA"), 725 ILCS 205/1.01 *et seq.*, have been violated repeatedly by the defendants. He asserts claims against the defendants under the Fourteenth Amendment. Plaintiff sues the defendants in their official capacities only and seeks declaratory and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for

1

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

Initially, the Court must independently evaluate the substance of Plaintiff's claims to determine if the correct statute – in this case 42 U.S.C. § 1983 or 28 U.S.C. § 2254 – is being invoked. A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).

Part of Plaintiff's claim alleges that he is being improperly held and seeks immediate release. (Doc. 1, p. 17 and 49). To the extent he challenges the fact of his confinement and seeks immediate release, Plaintiff has a single federal remedy—a petition for writ of habeas corpus. Section 1983 provides him with no avenue to this relief. He cannot pursue his request for immediate release in this action. To the extent that he seeks declaratory and injunctive relief for the conditions and care that he is receiving under the SDPA, the Court will review his claims pursuant to Section 1915A.

## The Complaint

Plaintiff's Complaint is long, rambling, and difficult to read. The Court has done its best to summarize Plaintiff's claims in his Complaint as follows: Plaintiff is a civilly committed pretrial detainee at Big Muddy who has been incarcerated as a sexually dangerous person under the SDPA since 1998. (Doc. 1, p. 6). Plaintiff was ordered released from custody on conditional release

conditions on February 26, 2014, but remained at Big Muddy for 37 months beyond his release date because the IDOC Director would not provide him with the necessary conditions needed for release including proper housing, living expenses, and outside care. (*Id*. at pp. 6, 19-20, 23, and 31). He was finally released when his family and friends provided the necessary conditions. (*Id*. at p. 20). On release he was treated like a convicted offender and required to wear a GPS monitor and obtain prior approval for movement outside the home. (*Id*. at pp. 10 and 32). Due to the failure to provide Plaintiff with adequate release conditions, he was eventually revoked and returned to Big Muddy. (*Id*. at pp. 7, 21, and 23).

Since his return to Big Muddy, Plaintiff has been subject to a system which he describes as "punitive, inadequate, ineffective, non-therapeutic, harmful, and detrimental." (Doc. 1, p. 40). Plaintiff alleges that the defendants, in their official capacities, have put in place policies and practices which are inadequate for the treatment of Plaintiff, as a civilly committed SDP. (*Id*. at p. 18). He asserts that he is treated like an ordinary prisoner and is not provided with proper care.

Specifically, he shares facilities and resources with general population inmates and is subjected to the same strip searches, lockdowns, shakedowns, disciplinary tickets, and harassment from guards as the convicted inmates. (Doc. 1, p. 6, 9, 33). He is locked in his cell from 8:00 a.m. to 9:30 p.m. (*Id*. at p. 26). He is also required to purchase all of his clothing and supplies from the commissary like other convicted inmates. (*Id*. at pp. 27 and 38). He also receives the same diet as inmates in general population. (*Id*. at p. 51).

The funding for the SDP program comes from the general funds for Big Muddy, and the program receives "peanuts" which limits the care that Plaintiff receives. (*Id*. at p. 9 and 35). The program is unlicensed, lacks any exit strategy, is severally understaffed, lacks any assistance once released, and is designed to be punitive. (*Id*. at pp. 19 and 26). There is no qualified oversight or

3

liaison to represent Plaintiff. (*Id*. at p. 36). Plaintiff receives no individualized treatment, and his treatment is not designed to hasten his release. (*Id*. at p. 24). He receives only one hour per week of group therapy, and because the groups are so large, he may have to wait 8 to 12 weeks to attend a group. (*Id*.). His current therapist, Jessica Stover, is biased and bases her evaluations of Plaintiff on personal opinions rather than scientific criteria and an independent evaluation. (*Id*. at p. 25). His assessments are not tailored to SDPs and, thus, reflect deceptive scoring. (*Id*. at p. 36). He does not have access to college, vocational, or other rehabilitative services. (*Id*. at p. 26). Although he suffers from post-traumatic stress disorder (PTSD) and depression, he does not receive treatment for those conditions, nor is he offered alcohol and drug treatment. (*Id*. at p. 8 and 29-30). Despite completing all of his required psychiatric treatments, he is kept in custody and "recycled through treatment [he has] already…received." (*Id*. at pp. 22 and 31).

Plaintiff now sues J.B. Pritzker (Governor of Illinois), Rob Jeffreys (IDOC Director), Daniel Q. Sullivan (Warden of Big Muddy), and Sarah Brown (SDP Program Administrator) in their official capacities for violating his rights as an SDP.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

> **Count 1:** **Defendants violated Plaintiff's right to receive treatment and rehabilitation for his mental illnesses and disorders under the Fourteenth Amendment.**
>
> **Count 2:** **Defendants violated Plaintiff's rights under the Fourteenth Amendment by failing to adequately train or supervise their employees regarding the proper care and treatment of SDPs.**
>
> **Count 3:** **Defendants violated Plaintiff's liberty interests under the Fourteenth Amendment by subjecting him to a punitive environment.**

4

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Preliminary Dismissals

The Court notes that Plaintiff is only seeking prospective relief, in the form of a declaratory judgment and injunctive relief. He makes no request for money damages. All claims against the defendants in their individual capacities shall, therefore, be **DISMISSED without prejudice**. The case instead consists entirely of official capacity claims.

To the extent Plaintiff names the current Governor of Illinois, J.B. Pritzker, as a defendant, that claim is also dismissed. Plaintiff alleges that the Governor oversees IDOC, and the IDOC Director and is responsible for properly funding the SDP program. He does not allege, however, that the Governor is the final policymaker on the conditions and treatment of SDPs at Big Muddy. *See Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016). Accordingly, J.B. Pritzker is **DISMISSED without prejudice**.

Plaintiff also identifies Jessica D. Stover as a defendant in his statement of claim. She is not identified, however, as a defendant in the caption of his Complaint. As such, she will not be treated as a defendant in this case, and any claims against her should be considered **DISMISSED without prejudice**. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specify[ide] in the caption").

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 1**

Plaintiff alleges that the SDP program is not designed to treat his underlying illnesses, paraphilic disorder and personality disorder, which led to his civil commitment. (Doc. 1, p. 22). He also alleges that he has been denied treatment for his other mental illnesses and disorders, including PTSD and depression.

Individuals who are civilly committed under the SDPA are considered pretrial detainees. *See Smeagol v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013). A pretrial detainee's claim for improper medical treatment is considered under the Due Process Clause of the Fourteenth Amendment. A standard of objective reasonableness, rather than deliberate indifference, governs medical claims under the Fourteenth Amendment's Due Process Clause. *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018)).

The controlling standard has two steps. The first step focuses on the intentionality of a defendant's conduct and "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case." *Id*. (quoting *Miranda*, 900 F.3d at 353). Negligence or even gross negligence is not enough. *Id.* (citing *Miranda*, 900 F.3d at 353; accord *Darnell v. Pineiro*, 849 F.3d 17, 35–36 (2d Cir. 2017) (concluding that "[a]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence")). The second step looks at whether the challenged conduct was objectively reasonable. *See Miranda*, 900 F.3d at 354. Looking at all of the facts and circumstances before the defendant, a court must determine whether the response was reasonable, without taking into account "any subjective belief held by the individual." *McCann*, 909 F.3d at 886. The Complaint challenges the general failure to treat Plaintiff for his mental illness and disorders due

to inefficiencies in the program. Accordingly, Plaintiff's claim will proceed in Count 1 against Defendants Rob Jeffreys, Daniel Q. Sullivan, and Sarah Brown, but only in their official capacities.

**Count 2**

The Complaint also adequately alleges that the defendants inadequately trained and/or supervised their employees about the proper care and treatment of SDPs, which resulted in the deprivation of Plaintiff's constitutional rights. *See Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997) (failure to supervise claim can arise "if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it"); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (discussing this claim in the context of municipal liability). Count 2, thus, also shall proceed against Defendants Rob Jeffreys, Daniel Q. Sullivan, and Sarah Brown in their official capacities.

**Count 3**

According to the Complaint, Plaintiff is subjected to a punitive environment at Big Muddy and is treated like the general population convicted inmates also housed at the prison. He is forced to live alongside the general population and subject to the same shakedowns, lockdowns, and other conditions of general population. He is also subject to the same supervised release conditions as convicted prisoners.

As a general rule, confinement of pretrial detainees may not be punitive because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717-18 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991). The

Complaint suggests that the conditions fall short of this standard because they do not reasonably relate to or serve a legitimate governmental purpose. Accordingly, Count 3 shall proceed against Defendants Rob Jeffreys, Daniel Q. Sullivan, and Sarah Brown in their official capacities.

## Pending Motions

Plaintiff's motion for counsel (Doc. 3) indicates that he has written attorneys and had friends call them. He does not state the names of any of the attorneys whom he contacted or when he contacted them. As such, the Court cannot determine whether Plaintiff has made a reasonable attempt to obtain counsel on his own. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Plaintiff also should include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case. Plaintiff's motion for counsel (Doc. 3) is **DENIED**.

## Disposition

For the reasons set forth above, Counts 1, 2, and 3 shall proceed against Rob Jeffreys, Daniel Q. Sullivan, and Sarah Brown (official capacities only). J.B. Pritzker is **DISMISSED without prejudice**, and the Clerk is **DIRECTED** to terminate him from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

The Clerk of Court shall prepare for Defendants Rob Jeffreys, Daniel Q. Sullivan, and Sarah Brown (official capacities only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to

the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plaintiff's motion for service of process (Doc. 4) is **DENIED as moot**.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 10/29/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**